**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VALERY LATOUCHE,**

**Plaintiff,**

**vs.**                                                    **9:09-CV-308**
                                                              **(NAM/RFT)**

**MICHAEL C. TOMPKINS, C.O., Clinton Correctional**
**Facility; DEAN E. LACLAIR, C.O., Clinton Correctional**
**Facility; JEFFREY R. LUDWIG, C.O., Clinton Correctional**
**Facility; MICHAEL B. KING, Sgt., Clinton Correctional**
**Facility; D. MASON, C.O., Clinton Correctional Facility;**
**B. MALARK, C.O., Clinton Correctional Facility; JOHN**
**REYELL, C.O., Clinton Correctional Facility; BOB**
**FITZGERALD, R.N., Clinton Correctional Facility; JOHN**
**DOE, C.O. (C.O. Gallery Officer Company Upper F-6);**
**JOHN DOE, C.O. (Mess Hall Supervising C.O.),**

**Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

Valery LaTouche
05-A-5812
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
_Plaintiff, Pro se_

Eric T. Schneiderman                          Krista A. Rock, Esq.
Attorney General for the State of New York    Assistant Attorney General
The Capitol
Albany, New York 12224
_Attorney for Defendants_

**Norman A. Mordue, Chief U. S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

In this _pro se_ action under 42 U.S.C. § 1983, plaintiff, an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), claims that defendants violated his Eighth Amendment rights as a result of a physical altercation.  Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. No. 46) and plaintiff opposed the motion.  (Dkt. No. 53).  The motions were referred to United States Magistrate Judge Randolph F. Treece for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).

Magistrate Judge Treece issued a Report and Recommendation (Dkt. No. 60) recommending that defendants' motion be granted in part and denied in part.  Specifically, Magistrate Judge Treece recommended awarding summary judgment dismissing the following: (1) plaintiff's claims for monetary relief against all defendants in their official capacity; (2) plaintiff's claims of medical indifference against defendant Fitzgerald; and (3) plaintiff's allegations of verbal harassment by defendant Mason.  Magistrate Judge Treece also recommended denying defendants' motion for summary judgment on plaintiff's excessive force claims against defendants Tompkins, LaClair, Mason, Malark and Reyell and plaintiff's failure to protect claims against defendants Ludwig and King.

Defendants filed specific objections to portions of the Report and Recommendation arguing: (1) that the Magistrate Judge erred in "overlooking" plaintiff's failure to comply with Local Rule 7.1(a)(3); (2) that the Magistrate Judge erred when he failed to apply the *Jeffreys* exception as plaintiff's testimony was incredible as a matter of law; and (3) plaintiff's excessive force claims against defendant Reyell are subject to dismissal for lack of personal involvement. (Dkt. No. 61).  Plaintiff does not object to the Report and Recommendation. (Dkt. No. 62).

In view of defendants' objections, pursuant to 28 U.S.C. § 636(b)(1)(c), this Court

conducts a *de novo* review of these issues.  The Court reviews the remaining portions of the

Report-Recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 1997 WL

599355, *2-3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir.1999); *see also Batista v.

Walker*, 1995 WL 453299, at *1 (S.D.N.Y. 1995) (when a party makes no objection to a portion

of the report-recommendation, the Court reviews that portion for clear error or manifest injustice).

Failure to object to any portion of a report and recommendation waives further judicial review of

the matters therein.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993).

## DISCUSSION

### I.      Local Rule 7.1(a)(3)

The submissions of *pro se* litigants are to be liberally construed. *Nealy v. U.S. Surgical

Corp.*, 587 F.Supp.2d 579, 583 (S.D.N.Y. 2008).  However, a *pro se* litigant is not relieved of the

duty to meet the requirements necessary to defeat a motion for summary judgment.  *Id.* (citing

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).  Where a plaintiff has failed to

respond to a defendant's statement of material facts, the facts as set forth in defendant's Rule 7.1

statement will be accepted as true to the extent that (1) those facts are supported by the evidence

in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically

advised of the potential consequences of failing to respond to the movant's motion for summary

judgment. *Littman v. Senkowski*, 2008 WL 420011, at *2 (N.D.N.Y. 2008) (citing *Champion v.

Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).[1]

---

[1] Local Rule 7.1(a)(3) provides:

Summary Judgment Motions

Any motion for summary judgment shall contain a Statement of Material Facts. The
Statement of Material Facts shall set forth, in numbered paragraphs, each material fact

The record herein contains few undisputed facts.  Plaintiff and defendants disagree on many of the events that transpired and provide conflicting accounts of the circumstances surrounding the incident.  In support of the motion, defendants properly filed a Statement of Material Facts pursuant to Local Rule 7.1 and notified plaintiff about the consequences of his failure to respond to the motion for summary judgment.  Plaintiff does not dispute that he received such notification from defendants.  Plaintiff responded with a handwritten "Statement of Facts", without citations to the record, and failed to specifically admit or deny defendants' factual statements as required by Local Rule 7.1.  However, plaintiff also annexed a copy of his deposition transcript.  In the deposition, upon questioning from defense counsel, plaintiff testified as follows:

> Q.    . . . Have you read the complaint?
> A.    Yes, ma'am.
> Q.    So, you are aware of its contents?
> A.    Yes, ma'am.
> Q.    Did anyone help you prepare the complaint?
> A.    No, ma'am.

---

about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.

The moving party shall also advise *pro se* litigants about the consequences of their failure to respond to a motion for summary judgment. See also L.R. 56.2.

The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs.  The Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.

Local Rule 7.1(a)(3) (emphasis in original).

4

> Q.   Are there any statements contained in the complaint that you now wish to change or modify?
>
> A.   I'm not sure.
>
> Q.   Well, let me ask you this: So, do you adopt this document under oath as true to the best of your knowledge?
>
> A.   Yes, ma'am.

Transcript of Plaintiff's Deposition at 13.

A verified complaint may be treated as an affidavit for the purposes of a summary judgment motion and may be considered in determining whether a genuine issue of material fact exists. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (the plaintiff verified his complaint by attesting under penalty of perjury that the statements in the complaint were true to the best of his knowledge). Based upon the aforementioned colloquy, the Court deems plaintiff's complaint to be "verified" and as such, will treat the complaint as an affidavit. *See Torres v. Caron*, 2009 WL 5216956, at *3 (N.D.N.Y. 2009). While plaintiff has not formally and technically complied with the requirements of Local Rule 7.1(a)(3), his opposition to defendants' motion contains sworn testimony.   In light of his *pro se* status and the preference to resolve disputes on the merits rather than "procedural shortcomings", to the extent that plaintiff's "Statement of Facts" and assertions in the complaint do not contradict his deposition testimony, the Court will consider those facts in the context of the within motion.  *See Mack v. U.S.*, 814 F.2d 120, 124 (2d Cir. 1987); *see also Liggins v. Parker*, 2007 WL 2815630, at *8 (N.D.N.Y. 2007) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)).   The Court has reviewed plaintiff's complaint and compared the allegations with the testimony presented at his deposition and adopts Magistrate Judge Treece's summary of the "facts" as presented by both parties.[2]

---

[2] While the Court adopts Magistrate Judge Treece's recitation of defendants' and plaintiff's versions of the facts, the Court does not adopt the reasoning set forth in the Footnote 2 of the Report and Recommendation.

**II.**   *Jeffreys* **Exception**

Defendants argue that the Court should apply *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) and award summary judgment dismissing all claims of excessive force based upon plaintiff's implausible and contradictory claims.

"It is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment'". *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (citing *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir.1997) (unfavorable assessments of a plaintiff's credibility are not "within the province of the court on a motion for summary judgment")).   A narrow exception to this general rule was created by the Second Circuit in *Jeffreys*:

> While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether "the jury could reasonably find for the plaintiff," and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account. Under these circumstances, the moving party still must meet the difficult burden of demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor.

*Id*. at 554 (internal citations and citations omitted).

Here, while plaintiff relies exclusively on his own testimony, for *Jeffreys* to apply, the testimony must also be "contradictory and incomplete".   In this regard, defendants argue that plaintiff's allegations are contradicted by his prior accounts of the incident.   Defendants cite to the record and argue that plaintiff told Fitzgerald that, "I hit the officer first" and that "I was hurt when I was subdued".   Moreover, defendants point out that these statements were documented in

an Inmate Injury Report executed by plaintiff.

Plaintiff does not deny making the aforementioned statements.  However, in his

deposition, plaintiff explained those discrepancies and testified:

> Q.    - - did Nurse Fitzgerald ask you any questions while he was examining you?
>
> A.    I think he asked me how am I feeling, how did this happen?
>
> Q.    And what did you say?
>
> A.    I told him I was nervous and that [sic] whatever officer D. Mason told me to tell him.
>
> Q.    What did you say?
>
> A.    I told him I was nervous and whatever officer D. Mason told me to tell him, which was that I got hurt being subdued - -
>
> Q.    Which was - -
>
> A.    - - and that I started this.
>
> Q.    And is that the truth?
>
> A.    No.
>
> Q.    Why did you tell the nurse that?
>
> A.    Because I was being forced to.
>
> Q.    Forced to how?
>
> A.    By the officers that [sic] was there.
>
> Q.    Did you sign a form admitting that you hit the officer first and you were hurt when you were subdued?
>
> A.    Yes, ma'am.
>
> Q.    Why did you do that?
>
> A.    Because the [sic] officer D. Mason kept smacking me for me

7

to do that.

Transcript of Plaintiff's Deposition at 53-54.

In the Report and Recommendation, Magistrate Judge Treece concluded that plaintiff's "fear of retribution" was a plausible explanation for the discrepancies in his testimony.  This Court agrees and adopts the Magistrate Judge's conclusions.  *See Langman Fabrics v. Graff Californiawear, Inc.,* 160 F.3d 106, 112-13 (2d Cir.1998); *see also Cruz v. Church*, 2008 WL 4891165, at *5 (N.D.N.Y. 2008) ("[t]he Court notes that . . . it would be have difficulty concluding that [the] [p]laintiff's statement of June 5, 2005, and his statement of June 16, 2005, are wholly irreconcilable, given his proffered explanation that he made the statement of June 5, 2005, out of fear of retribution by [the] [d]efendants).

Defendants also argue that plaintiff cannot identify which individuals participated in the attack; that plaintiff's injuries are consistent with the brief use of force as described by defendants to subdue plaintiff; and that plaintiff's version is contradicted by defendants' affidavits. Magistrate Judge Treece found that plaintiff was able to identify some individuals involved in the assault which, "stands in stark contrast to the plaintiff in *Jeffreys* who was unable to identify any of the officers involved in the alleged assault".  Upon review of the record, as it presently exists, the Court agrees and finds that plaintiff's testimony is not wholly conclusory or entirely inconsistent to warrant application of the *Jeffreys* exception.  *See Percinthe v. Julien*, 2009 WL 2223070, at *7 (S.D.N.Y. 2009) (the court rejected the defendants' argument that the plaintiff's claims were subject to dismissal for implausibility as his injuries did not reflect the attack that he described and his description of the incident changed over time holding that the plaintiff's testimony, "[did] not reach the level of inconsistency and lack of substantiation that would permit

8

the Court to dismiss on these grounds").

Magistrate Judge Treece provided an extensive summary of the record and applicable law and found that the evidence did not support deviating from the established rule that issues of credibility are not be resolved on summary judgment. On review, the Court agrees with the Magistrate's recommendations and concludes that the *Jeffreys* exception does not apply. Accordingly, the Court accepts and adopts the Report and Recommendation on this issue.

## III.   Reyell's Personal Involvement

Defendants argue that the Magistrate Judge erred when he failed to dismiss the complaint against Reyell on the grounds that he was not personally involved in the attack. Defendants claim that the "RRO erroneously cites plaintiff's declaration as stating that 'it was defendant Reyell and another officer who removed the shirt'". Defendants claim that the declaration and complaint clearly state that, "Officer Rock orchestrated the removal of plaintiff's shirt".[3] Defendants argue that the assertions in plaintiff's declaration (submitted in response to the motion for summary judgment) and complaint are contradicted by plaintiff's deposition testimony. Defendants claim that plaintiff testified that Reyell tried to cover up the incident by removing the shirt he was wearing.

The Court has reviewed plaintiff's complaint, declaration and deposition transcript and finds defendants' summary of plaintiff's assertions to be inaccurate. In plaintiff's complaint, on page 8, plaintiff alleges:

> Feeling extremely weak the claimant responded with a shake of his head. Once this performance was over with Correctional Officer R. Rock, the individual who held on to the photograph camera and who

---

[3] Officer Rock is not a defendant herein.

9

> is responsible for capturing the claimant's injuries [sic] photos pointed to the claimant's bloodly [sic] stain kitchen white colored uniform [] as co-workers....
>
> Correctional Officer D. Mason then roughly removed the article of clothing and with the help of on[e] other they discarded the item of clothings [sic].

In Paragraph 22 of plaintiff's declaration, he states:

> Officer Rock, the individual who held the photograph camera and was responsible for capturing LaTouche injuries pointed to LaTouche [sic] bloody kitchen white colored uniform to his co-worker asking them to remove the article of clothing before he take [sic] any pictures.  Mason then roughly removed the clothing and with the help of an other [sic] officer they discarded the items of clothing.

In his deposition, plaintiff testified:

> Q.   What about Defendant Reyell, why are you suing Reyell?
>
> A.   Because defendant Reyell, that's the officer that was holding the camera and he tried to cover up the incident.
>
> Q.   How so?
>
> A.   That's when him and the other officer that was there, when they was searching me, strip searching me they took my shirt and they kept screaming something about let's remove this bloodstained shirt, let's remove this bloodstained shirt, we can't have this for the camera.
>
> *                    *                    *
>
> Q.   Reyell and another officer took your shirt off?
>
> A.   Yes, ma'am.
>
> Q.   Do you remember the other officer's name?
>
> A.   No, ma'am.

Transcript of Plaintiff's Deposition at 63-64.

Here, the Magistrate Judge stated that any inconsistency or discrepancy [in plaintiff's testimony], "go[es] to the weight . . . accorded to plaintiff's testimony".   The Court agrees.  Any discrepancies or inconsistencies in plaintiff's testimony are for a jury to assess.  In the Second Circuit case of *Fischl v. Armitage*, the plaintiff/inmate alleged that he was assaulted in his cell by other inmates.  *Fischl*, 128 F.3d at 54. The district court dismissed the plaintiff's complaint as against one defendant based upon "inconsistent statements".  *Id*.  The Second Circuit vacated the judgment of the district court holding:

> [T]he district court apparently questioned whether there had been an attack on Fischl at all, principally because of inconsistencies in his accounts of the event, his failure to report such an attack to prison workers in the area on that morning, and the failure of those workers to notice any indications that he had been beaten. That skepticism, however, rests on both a negative assessment of Fischl's credibility and the drawing of inferences adverse to Fischl.
>
> Likewise, inconsistent statements by Fischl as to, for example, whether it was five, six, or seven inmates who attacked him, and as to what he observed or overheard just prior to the attack, go to Fischl's credibility. While inconsistencies of this sort provide ammunition for cross-examination, and they may ultimately lead a jury to reject his testimony, they are not a proper basis for dismissal of his claim as a matter of law. The jury might well infer, for example, that while Fischl was under siege he was understandably unable to take an accurate census of the number of inmates holding him and kicking him in the face.

*Fischl*, 128 F.3d at 56.

In this matter, without a credibility assessment of plaintiff, the record does not warrant an award of summary judgment.  Accordingly, the Court adopts the Magistrate's recommendation and denies summary judgment on this issue.

## CONCLUSION

It is therefore

11

**ORDERED** that the Report and Recommendation of United States Magistrate Judge Randolph F. Treece (Dkt. No. 60) is adopted; and it is further

**ORDERED** that for the reasons set forth in the Memorandum-Decision and Order herein, defendants' motion for summary judgment is granted in part and denied in part; and it is further

**ORDERED** that the Clerk provide copies of this Order to all parties.

**IT IS SO ORDERED.**

Date:   March 23, 2011

_____
Norman A. Mordue
Chief United States District Court Judge

12